IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WAYLAND TORTELLA**,

    Plaintiff,

v.                                                                                                  No. 24-cv-1026-WJ-JFR

**RAKS BUILDING SUPPLY, INC.**,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff Wayland Tortella's ("Tortella") Motion to Remand (**Doc. 5**). In his filing, Tortella requests the Court return the case to First Judicial District Court, Santa Fe County, State of New Mexico. Defendant ("RAKS Building") opposes remand (**Doc. 12**). After reviewing the parties' briefings and the applicable law, the Court now **GRANTS** Tortella's Motion to Remand.

### BACKGROUND[1]

Tortella filed his Complaint (**Doc. 1-1**) in New Mexico state court against RAKS Building on September 9, 2024. On October 8, 2024, RAKS Building filed its notice of removal (**Doc. 1**). According to RAKS Building's removal, this Court has jurisdiction because "there is complete diversity of citizenship." **Doc. 1 at 2**.

Tortella is a resident of "Garza County, Texas." **Doc. 1-1 at ¶ 1**. RAKS Building is a New Mexico corporation. *See id.* **at ¶ 2**; **Doc. 1 at 2 & n.1**. Usually, this would not be a problem.

---

[1] The substance of the Complaint is immaterial. What matters for resolution of the request for remand is: (1) the timeline, and (2) the bases for removal. As such, that's all the background the Court provides.

However, as Tortella argues in his request for remand, "a case may not be removed where any of the properly joined defendants is a citizen of the state in which the action was brought." **Doc. 5 at 3**. This is known as the forum-defendant rule. In opposing remand, RAKS Building claims this case is removable despite § 1441(b)(2) because it was not properly "joined and served." **Doc. 12,** *passim*.

## DISCUSSION

The question in this case is whether § 1441(b)(2) permits a sole forum defendant to remove a case before that defendant has been served. The Court concludes there is no exception to the forum-defendant rule that allows a sole forum defendant to remove a case prior to service.

**I. Improper Removal and the Forum-Defendant Rule**

Removal alone does not ensure (or perfect) federal jurisdiction. Instead, sometimes, removal might be improper—and the action is remanded back to state court. *See* 28 U.S.C. § 1447(c). There are two bases of remand under § 1447(c): "(1) those based on a lack of subject-matter jurisdiction, which have no time limit, and (2) those based on 'any defect other than lack of subject matter jurisdiction,' which must be filed within 30 days of removal." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017); *see* 28 U.S.C. § 1447(c).

The Court begins by analyzing what constitutes a "defect." Under Tenth Circuit precedent, each of the following prohibit removal: (1) noncompliance with the time limits, (2) noncompliance with the unanimity requirements, and (3) noncompliance with the forum-defendant rule. *Soto Enters., Inc.*, 864 F.3d at 1094–95 (compiling cases). In that case, the forum-defendant rule was defined as "prohibit[ing] removal when a case is removed for diversity jurisdiction and the defendant 'is a citizen of the State in which such action is brought.'" *Id.* at 1096 n.11 (quoting 28 U.S.C. § 1441(b)(2)).

Under the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The Supreme Court has held the forum-defendant rule bars removal in the presence of any defendant who is a citizen of the forum state. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) ("[W]hen federal jurisdiction is based on diversity jurisdiction . . . the case may not be removed if any defendant is a citizen of the State in which such action is brought." (internal quotations omitted)).

To be clear, the forum-defendant rule "is a procedural rule, not a jurisdictional rule." *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 366 (10th Cir. 2017) (unpublished) (citations omitted). Given that Tortella filed his Motion for Remand (**Doc. 5**) citing the rule, there is no doubt he invoked the rule.

\* \* \*

In this Court's view, pre-service "snap"[2] removal by a lone forum defendant—here, RAKS Building—runs counter to the plain language of the statute. Many courts agree that snap removal can produce absurd results. *See Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1015 n.9 (D. Nev. 2021) (citing cases). Relevant here is the Tenth Circuit's rejection of a snap removal under (arguably) similar circumstances. *See generally Woods v. Ross*

---

[2] "Snap removal" is a colloquialism for the hasty removal by a non-forum defendant before the plaintiff has an opportunity to serve the forum defendant. Here, there is no non-forum defendant—instead, only a forum defendant. At least some practitioners have used the phrase "snap removal" to cover such circumstances. *See* Arthur Hellman et al., *Neutralizing the Stratagem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 FED. CTS. L. REV. 103, 104 (2016) (defining "snap removal" as "removing diversity cases to federal court when a citizen of the forum state has been *joined* as a defendant but has not yet been *served*." (emphasis in original)); Lonny Hoffman & Erin Horan Mendez, *Wrongful Removals*, 71 FLA. L. REV. F. 220, 222 (2020) (defining "snap removal" as "[t]he swift removal of a case before a forum defendant can be served").

*Dress for Less, Inc.*, 833 F. App'x 754 (10th Cir. 2021) (unpublished). In *Woods*, the Court ruled that a named—but not-yet-served—defendant in her home state rendered removal improper. 833 F. App'x at 756. Even though Ms. Butler—the nondiverse defendant—had yet to be served, the Court determined § 1441(b)(2)'s forum-defendant limitation controlled. *Id.* at 756–58. The district court's decision (which is, essentially, RAKS Building's argument here) was reversed. Although nonprecedential, this Tenth Circuit case stands for the proposition that the forum-defendant rule would be rendered toothless if quick-fingered civil defense lawyers could remove an otherwise unremovable case simply by virtue of "beating" service.[3]

In determining that RAKS Building's removal was improper, this Court does not rely on an unpublished Tenth Circuit case alone. A survey of district court cases from this circuit is also helpful. On the one hand, several courts[4] have determined pre-service "snap" removal is

---

[3] Two other courts of appeals seem equally weary of permitting snap removals under these circumstances. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 964–65 (9th Cir. 2024) (finding "pre-*filing* '*super* snap removals'" are impermissible and intimating that snap removals by a single named defendant violated the forum-defendant rule); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2016) (finding the district court can "undo" the "gamesmanship" of a defendant's pre-service removal).

Although the Fourth Circuit has not ruled on the issue, the district courts contained therein have either: (1) upheld snap removal *only* by a non-forum defendant, or (2) rejected snap removal altogether. *See Active Res., Inc. v. Hagewood*, No. 22-cv-172, 2022 U.S. Dist. LEXIS 189045, at *9 (S.D.W.Va. Oct. 17, 2022) (citing cases). This nuanced approach of permitting snap removal *only* when a non-forum defendant removes—in a multi-defendant case—also cuts against RAKS Building here (and aligns with the several districts located within the Tenth Circuit). *See infra* nn. 4 & 5. The same appears to be true in the Sixth Circuit, where "every district court . . . presented with the issue" has ruled against permitting snap removal. *Cincinnati Ins. Co. v. Omega Elec. & Sign Co., Inc.*, 652 F. Supp. 3d 879, 884 (E.D. Mich. 2023).

In full candor, though, a circuit split—of sorts—exists regarding the appropriateness of snap removals. *Compare id., with Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018); *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485–87 (5th Cir. 2020). Courts in the Second, Third, and Fifth Circuits permit pre-service removal without regard to forum defendants; whereas courts within the other Circuits are more inclined to enforce the forum-defendant rule and remand.

[4] *See, e.g., Flandro v. Chevron Pipe Line Co.*, No. 18-cv-697, 2019 U.S. Dist. LEXIS 63415 (D. Utah Apr. 11, 2019); *Woods v. Dr Pepper Snapple Grp., Inc.*, No. 19-cv-1162, 2020 U.S. Dist. LEXIS 32794 (W.D. Okla. Feb. 26, 2020); *Osburn v. Ardmore Suzuki, Inc.*, No. 21-cv-234, 2023 U.S. Dist. LEXIS 22902, at *11–12 (E.D. Okla. Feb. 10, 2023); *McCray v. McCray Lumber Co.*, No. 23-cv-2175, 2023 U.S. Dist. LEXIS 126479 (D. Kan. July 21, 2023); *Smith v. Christmas*, No. 24-cv-625, 2024 U.S. Dist. LEXIS 170723 (D.N.M. Sept. 20, 2024).

permissible when plaintiff makes no efforts to serve the forum defendant in multi-defendant cases. These opinions draw corollaries to the fraudulent joinder rule, which is not applicable here. Moreover, the district courts within the Tenth Circuit that have considered the snap removal issue have uniformly ruled against snap removal by the forum defendant because the plaintiff did not have a reasonable opportunity to serve the forum defendant and because allowing snap removal by a forum defendant would result in the removal of an otherwise unremovable case.[5]

Unsurprisingly, this Court finds removal prior to the service of *any* defendant is not permitted. The pre-service removal here—by the lone forum defendant—is bizarre because "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (first citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), and then citing *Miss. Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). In this vein, the Court notes that over a decade ago, the U.S. District Court for the District of Kansas, in an opinion authored by Senior Judge John W. Lungstrum, concluded "the language of § 1441(b) assumes at least one party has been served prior to removal." *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-cv-2039, 2013 U.S. Dist. LEXIS 43236, at *8 (D. Kan. Mar. 27, 2013). This Court sees no reason to depart from this logic.[6]

---

[5] *See, e.g., Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257, 1262 (N.D. Okla. 2017) (commenting that "the majority of the courts . . . have found a strict construction of § 1441(b) leads to absurd results" particularly in cases where "no defendant has been served and/or the forum defendant removed the case"); *In re Jean B. McGill Revocable Living Tr.*, No. 16-cv-707, 2017 U.S. Dist. LEXIS 2100 at *5 (N.D. Okla. Jan. 6, 2017) (noting the "properly joined and served" language "was not intended to permit hasty 'snap' removals by in-state defendants prior to service"); *Aghamalian v. Ourpet's Co.*, No. 19-cv-1011, 2019 U.S. Dist. LEXIS 213695 (D. Colo. Sept. 12, 2019); *Lone Mountain Ranch, LLC*, 988 F. Supp. 2d 1263, 1267 (D.N.M. 2013) (Johnson, J.) (determining the forum-defendant rule bars removal).

[6] The Court concludes that the language of the forum-defendant rule is ambiguous. The rule is silent as to *when* a forum defendant must be properly joined and served to defeat removal. The rule does not plainly state that a forum defendant may remove a case before any parties are served. In this regard, the Court reads the forum-defendant rule's clause regarding "any defendant" as requiring that at least one defendant must be properly joined and served prior to removal.

Several other legal principles guide this Court's decision.

First, "there is a presumption against removal jurisdiction." *New Mexico ex rel. Balderas v. Monsanto Co.*, 454 F. Supp. 3d 1132, 1138 (D.N.M. 2020) (Johnson, C.J.). RAKS Building's reading of § 1441(b)(2) would undermine such well-established precedent. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013); *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (unpublished) ("[D]oubtful cases must be resolved in favor of remand."); *see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18 (1951) (stating that "the [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . . ."); *cf.* Jeffrey W. Stempel, *Adding Context and Constraint to Corpus Linguistics*, 86 BROOK. L. REV. 389, 416 (2021) ("[T]he practice is highly problematic, inconsistent with traditional notions of federalism and federal jurisdiction, and appears not to have been intended by Congress.").

Second, "the removal power, and by extension the forum-defendant rule, is founded on the basic premise behind diversity jurisdiction itself"—that is "protect[ing] non-forum litigants from possible state-court bias in favor of forum-state litigants." *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 319 (D. Mass. 2013). The Tenth Circuit has echoed this sentiment, explaining the purpose of removal under diversity jurisdiction is to "protect defendants who fear parochial bias in state courts." *McAnulty v. Std. Ins. Co.*, 81 F.4th 1091, 1094 n.3 (10th Cir. 2023) (citation omitted); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). In this case, the sole forum defendant needn't (and can't) avail itself of such protections. *Cf.* Zachary Clopton, *Catch and Kill Jurisdiction*, 121 MICH. L. REV. 171, 195 (2022) ("An in-state defendant should need no such protection.").

---

To conclude otherwise—and allow snap removal when there is only one forum defendant—could ultimately encourage evasion of service by the defendant. If a forum defendant hides from the process server long enough, that defendant can get an otherwise non-removable case into federal court. This is the sort of gamesmanship that § 1441(b)(2) was intended to prevent.

Finally, it remains a hallmark of civil litigation that the plaintiff, not the defendant, selects the forum. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1126 (10th Cir. 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (recognizing "the plaintiff's choice of forum should rarely be disturbed")); *cf. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) (noting that if a defendant could remove on the basis of a federal defense, then "the plaintiff would be master of nothing").

## II. Attorney's Fees and Costs

Tortella asks the Court to award fees and costs incurred because of RAKS Building's improper removal (**Doc. 5 at 2 & 5**). The standard for a § 1447(c) award turns on the reasonableness of the removal. *See Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011); *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010). A colorable legal argument that is supported by a limited basis of authority passes this standard. *BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 246 (2021) (explaining § 1447(c) is for "frivolously remove[d]" cases). So, even though the Court disagrees with RAKS Building's arguments for removal, the decision was not frivolous or unreasonable.[7]

---

[7] To be sure, RAKS Building cites several of the same cases as this Court. There can be no doubt, then, that a colorable argument as to the propriety of the removal was established.

The main issue, however, is that none of the cases cited by RAKS Building supporting pre-service removal by a lone forum defendant are from this District or Circuit. *Compare* **Doc. 12 at 3**, *with supra* nn. 4 & 5. To be sure, there are courts of appeals (and districts contained therein) that permit snap removal under these circumstances. *See* **Doc. 12 at 4** (citing cases). But, for the reasons cited above, this Court declines to adopt RAKS Building's argument that a lone unserved forum defendant can properly remove a case. Instead, this Court reads an assumption into the removal statute that at least one defendant must have been properly served. *See, e.g., BioGen IDEC, Inc.*, 934 F. Supp. 2d at 318–19; *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1381 (N.D. Ga. 2018); *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 556 (S.D.W. Va. 2015); *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 769 (N.D. Ill. 2021); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014) (finding that pre-service removal by a lone forum defendant would "essentially render the forum-defendant rule a nullity"); *Parsons v. Velasquez*, 551 F. Supp. 3d 1085, 1157 (D.N.M. 2021) ("[A] case cannot be removed if it began with . . . a forum-citizen defendant.").

## CONCLUSION

The Court concludes that when there is only one defendant in an action and that defendant is from the forum state, pre-service ("snap") removal by that lone defendant is not allowed.

**IT IS THEREFORE ORDERED** that Tortella's Motion to Remand (**Doc. 5**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** this case to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS FINALLY ORDERED** that Tortella's accompanying request for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE